UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES BURELISON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:18-CV-51 PPS |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | |

OPINION AND ORDER

James Burelison, a prisoner without a lawyer, filed a habeas corpus petition to challenge the revocation of his parole in connection with his conviction for burglary and ten-year sentence by the Wayne Superior Court, Cause No. 89C01-9910-CF-90. However, before I can consider a habeas corpus petition challenging a State proceeding, the petitioner must have previously presented his claim to the State courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

There are two possible methods for challenging a parole revocation in Indiana: by filing a post-conviction relief petition, *Receveur v. Buss*, 919 N.E.2d 1235 (Ind. Ct. App. 2010); or by filing a State habeas corpus petition if the inmate is seeking immediate release. *Lawson v. State*, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). Furthermore, if a state

habeas corpus petition is improperly filed, it will be converted to a post-conviction petition. *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008); *Ward v. Ind. Parole Bd.*, 805 N.E.2d 893 (2004). Here, Burelison's habeas petition indicates that he has not presented his claim to any State court in any proceeding. Therefore, he has not exhausted his State court remedies and this case must be dismissed without prejudice so that he can exhaust his claims in the State courts. If, after he has ultimately presented his claim to the Indiana Supreme Court, he has not yet obtained relief, then he may return to federal court and file a new habeas corpus petition.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Burelison's one-year limitations period for federal habeas review began to accrue when he discovered the factual predicate for his claim on the day he was most recently arrested on October 6, 2017. *See* 28 U.S.C. § 2244(d)(1)(D). Additionally, filing a motion for post-conviction relief in the State courts tolls the one-year limitations period. *Id.* § 2244(d)(2). Therefore, dismissing this petition will not effectively end his chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claim in State court. In sum, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the petition is dismissed on procedural grounds, the petitioner must show that

reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As previously explained, the claim presented by Burelison is unexhausted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the petition pursuant to Section 2254 Habeas Corpus Rule 4 because the claim is unexhausted;

(2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on January 29, 2018.

/s/ Philip P. Simon
Judge
United States District Court